UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-cv-00162 |
| | ) | Judge Trauger |
| CHERRY LINDAMOOD, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Facility in Clifton, Tennessee. On February 2, 2011, the petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C § 2254. (Docket No. 1). The petitioner also submitted an application to proceed *in forma pauperis* (Docket No. 2) and a motion for appointment of counsel (Docket No. 3).

By order entered on March 2, 2011, the court advised the petitioner that his application to proceed *in forma pauperis* was defective because the petitioner's inmate trust fund account statement had not been properly notarized, as per Administrative Order No. 93. (Docket No. 5). The Clerk returned the original application and attachments to the petitioner. The court instructed the petitioner to submit to the court within thirty (30) days of receipt of the court's order either a properly completed application to proceed *in forma pauperis*, in full compliance with Administrative Order No. 93, or the full five dollar ($5.00) filing fee. (*Id*.) The court specifically forewarned the petitioner that, if he failed to comply with the court's order within the time specified, the court may dismiss his petition for want of prosecution.

More than thirty (30) days passed after the entry of the court's order. The docket sheet revealed that the Clerk mailed the petitioner a copy of the court's order of March 2, 2011, on March 3, 2011. (Docket No. 6). The docket sheet further revealed that the petitioner received the court's order on March 9, 2011. (Docket No. 7). However, the petitioner had not responded to the court's order within the proscribed time period. Nor had the petitioner sought an extension of time within which to respond. Consequently, on April 15, 2011, the court denied the petitioner's writ of *habeas corpus* brought under 28 U.S.C. § 2254 and dismissed his action for failure to comply with the order of the court and for want of prosecution. (Docket No. 8).

The petitioner has now filed a *pro se* motion pursuant to Fed. R. Civ. P. 55(c) and 60(b) to set aside the court's order dismissing his case. (Docket No. 12). In his motion, the petitioner states that, after receiving the court's deficiency order of March 2, 2011, the petitioner timely submitted a properly executed check, check number 0022786, in the full amount of $5.00 to the court. (*Id.* at p. 2). The petitioner has attached documents reflecting a deduction in the amount of $5.00 from his inmate trust fund account on or about March 10, 2011. (*Id.* & Exs.) The petitioner contends that he has established his compliance with the previous orders of the court, contrary to the court's most recent ruling; therefore, he asks that the court reopen his case.

Rule 60(b)(1), one of the Rules pursuant to which the petitioner brings his motion, provides relief when judge has made a substantive mistake of law or fact in a final judgment or order. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). To obtain relief under Rule 60(b)(1) for "mistake," the plaintiff must demonstrate that the court has, in fact, made mistake of law or fact <u>and</u> that he has a meritorious claim or defense. *See Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980). Rule 60(a), however, provides as follows:

2

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

After receiving the petitioner's motion, the court investigated the petitioner's allegations and discovered that a check from the petitioner in the amount of $5.00 was received by the court on March 18, 2011, but the check was receipted inadvertently under the incorrect case number. The petitioner's filing fee has now been credited to the proper account and docketed in this case. (Docket No. 13). Consequently, the court finds that the petitioner has established without dispute that he complied with the court's deficiency order within the proscribed time period as alleged in the petitioner's pending motion to set aside judgment. Due to this "clerical mistake or mistake arising from oversight or omission," the court finds that, pursuant to Rule 60(a), the petitioner's motion to set aside judgment is well taken. The motion will be granted, and the petitioner's case will be reopened.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge